UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Noah Wells d/b/a
Centerpoint Chimney

   v.                          Civil No. 17-cv-669-JD
                               Opinion No. 2018 DNH 011
Acceptance Indemnity
Insurance Company

O R D E R

Noah Wells, who does business as Centerpoint Chimney, brought suit in state court against his insurer, Acceptance Indemnity Insurance Company ("AIIC"), seeking a declaration that AIIC owed him a defense and indemnification in an underlying lawsuit and alleging that AIIC has breached its insurance policy. AIIC removed the case to this court and moves to dismiss on the ground that it has no duty to defend or indemnify Wells under the terms of the policy. Wells objects. AIIC filed a reply after the deadline for doing so. See LR 7.1(e)(1).

Standard of Review

For purposes of a motion to dismiss, the court accepts all well-pleaded facts as true, disregarding mere legal conclusions, and resolves reasonable inferences in the plaintiff's favor. Galvin v. U.S. Bank, N.A., 852 F.3d 146, 155 (1st Cir. 2017). Taken in that light, the complaint must state sufficient facts

to support a plausible claim for relief. *In re Curran*, 855 F.3d 19, 25 (1st Cir. 2017). The plausibility standard is satisfied if the factual allegations in the complaint "are sufficient to support the reasonable inference that the defendant is liable." *In re Fidelity ERISA Float Litig.*, 829 F.3d 55, 59 (1st Cir. 2016) (internal quotation marks omitted).

In addition to the allegations in the complaint, the court may also consider "documents the authenticity of which are not disputed by the parties . . . , documents central to plaintiffs' claim, . . . [and] documents sufficiently referred to in the complaint." *Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135 (1st Cir. 2017) (internal quotation marks omitted). For that reason, in this case, the court will consider the insurance policy and the complaint in the underlying suit against Wells, along with the allegations in Wells's complaint.

## Background

Noah Wells and his company, Centerpoint Chimney, were sued in state court by Marlin Fogg who alleges that he was an authorized agent of one of Wells's subcontractors on a residential roofing project. Fogg also alleges that while working on the project he fell off of the roof and was injured

as a result of the negligence of Wells and others.  Wells was insured by AIIC and provided notice of the suit to AIIC.

AIIC acknowledged receiving Wells's notice but declined to provide a defense or to indemnify Wells in Fogg's suit on the ground that two exclusionary endorsements in the policy precluded coverage.  Specifically, AIIC cited an endorsement titled "Injury to Employees, Workers or Contracted Persons or Insureds or Contracted Organizations Exclusion" and an endorsement titled "Injury to Independent Contractors Exclusion."  Wells brought suit to contest AIIC's decision not to provide a defense or indemnification in the Fogg suit.

## Discussion

AIIC moves to dismiss Wells's claims based on the exclusions cited in the coverage denial letter.  Wells objects, arguing that other provisions in the policy create an ambiguity as to whether the policy covers the claims in the Fogg suit. Wells also argues that discovery is required to determine Fogg's status at the job site.

The parties do not distinguish between an insurer's duty to defend and the duty to indemnify.  The duty to defend is different from and broader than the duty to indemnify.  Great Am. Dining, Inc. v. Phil. Indem. Ins. Co., 164 N.H. 612, 627 (2013); accord Mass. Bay Ins. Co. v. Am. Healthcare Servs.

Ass'n, 172 A.3d 1043, 1049, n.12 (N.H. 2017). The duty to defend arises at the beginning of the underlying litigation and is based on allegations "that potentially support a covered claim." Id. The duty to indemnify arises only once liability has been determined in the underlying litigation and is based on "the facts actually established in the underlying suit." Id.

The interpretation of the language in an insurance policy is a legal question for the court to decide. Exeter Hosp., Inc. v. Steadfast Ins. Co., 170 N.H. 170, 174 (2017). To interpret policy language, the court considers "the plain and ordinary meaning of the policy's words in context . . . [and] construe[s] the terms of the policy as would a reasonable person in the position of the insured based upon more than a casual reading of the policy as a whole." Id. "Where an insurance policy's language is reasonably susceptible of more than one interpretation, however, and one reasonable interpretation favors coverage, we construe the ambiguity against the insurer and in favor of coverage in order to honor the reasonable expectation of the policyholder." Id.

Insurers may use exclusions to limit the coverage provided in their policies, as long as the exclusions comply with statutory requirements. Mass. Bay, 172 A. 3d at 1049. To be effective, the language in an exclusion "must be so clear,

however, as to create no ambiguity that might affect the insured's reasonable expectations." Id. (internal quotation marks omitted). "In a declaratory judgment action to determine the coverage of an insurance policy, the burden of proof is always on the insurer, regardless of which party brings the petition."[1] Id. (internal quotation marks omitted).

### A. Policy Provisions

In Section I, the policy provides coverage for the insured's liability for bodily injury "to which this insurance applies" that is caused by an occurrence during the policy period. Doc. 6-4, at 33. In those circumstances, AIIC will provide a defense to the insured in a suit seeking damages for bodily injury. The amount that AIIC will pay is limited by the policy. AIIC is not obligated to provide a defense or pay damages for bodily injury "to which this insurance does not apply." Id.

AIIC does not dispute that the Fogg suit would meet the conditions for coverage in Section I but argues that the insurance does not apply because of the two exclusionary endorsements. The first endorsement states, in pertinent part,

---

[1] Wells's declaratory judgment claim is brought pursuant to RSA 491:22. For purposes of the motion to dismiss, AIIC focuses on the declaratory judgment claim.

that the insurance coverage provided in Section I of the policy does not apply to "[a]ny person who is an 'employee', 'leased worker,' 'temporary worker' or 'volunteer worker'" for Wells. Doc. 6-5, at 2. The second endorsement provides that the insurance in Section I does not apply to "[a]ny independent contractor or 'employee' of any independent contractor while such independent contractor or their 'employee' is working: (a) On behalf of any insured; or (b) On the job site, but not working on behalf of any insured." Doc. 6-6, at 2.

Wells does not dispute the meaning of the exclusionary endorsements. Instead, Wells argues that other provisions in the policy, specifically premiums paid for additional coverage as shown on the Declarations page and a provision titled "Independent Contractors Special Condition" support a reasonable expectation that the insurance would apply to Fogg.

B. <u>Declarations</u>

In support of his argument that an ambiguity exists, Wells relies on certain coverage he obtained by paying additional premiums, as listed on the Declarations page of the policy. In its reply, AIIC argues that the cited coverage does not apply to Fogg's suit.

The Declarations page shows that Wells paid additional premiums for four classifications: chimney cleaning, masonry,

6

contractors and subcontracted work, and an additional insured.[2]
In support of ambiguity, Wells relies on the last two
classifications that are described on the Declarations page, as
follows:

> 91583 Contractors – Subcontracted Work-in Connection
> with Building Construction, Reconstruction, Repair or
> Erection-One or Two Family Dwellings
>
> ADD'L INSURED PER FORM CG2010

Doc. 6-4, at 17.

A General Change Endorsement shows that the additional
insured added by Form CG2010 was Pinkerton Academy. Doc. 6-4,
at 7. Because the project where Fogg was injured did not
involve Pinkerton Academy, the additional insured listed on the
Declarations page does not appear to be pertinent to the
coverage issue here. As a result, to the extent a premium was
paid to add Pinkerton Academy as an additional insured, Wells
has not shown that would create an ambiguity as to whether the
exclusionary endorsements apply to Fogg's suit.

The premium paid for "Contractors – Subcontracted Work-in
Connection with Building Construction, Reconstruction, Repair or
Erection – One or Two Family Dwellings," however, raises a
question about coverage in this case. The roofing project was a

---

[2] The amounts of the premiums paid were redacted by AIIC.

repair of a home, apparently a one family dwelling.  The additional coverage, which could be interpreted to cover Wells's liability for bodily injury to contractors and those doing subcontracted work, could reasonably be understood to cover Fogg, who alleges that he worked for a subcontractor.

In its reply, AIIC contends that the coverage for contractors and subcontracted work is inapplicable here because it only reflects the nature of Wells's business and does not change the effect of the exclusionary endorsements.  That explanation does not resolve whether the policy provides coverage for Fogg's claim against Wells because Fogg alleges he was working for a subcontractor.  AIIC also argues that Wells's interpretation of the contractors and subcontracted work coverage is unreasonable because it would directly contradict and render meaningless the exclusionary endorsements that preclude coverage for independent contractors and their employees.

At this early stage of the case, however, the parties have not sufficiently explained the coverage for contractors and subcontracted work to allow the court to determine as a matter of law what the policy covers and whether an ambiguity exists.

8

C. <u>Independent Contractors Special Condition</u>

Wells also cites the endorsement that required him to provide AIIC with evidence of insurance held by independent contractors as follows:

> You will provide certificates of insurance from all independent contractors providing evidence of:
> 1. Limits of liability equal to or greater than the limits provided by this policy; and
> 2. Coverage equal to or greater than the coverages provided by this policy.
>
> However, should you fail to comply with this condition, independent contractors will be considered your "employees" and a premium charge will be made accordingly. The cost of the sublet labor for each independent contractor not in compliance will be used as the rating basis for the work they performed.

Doc. 6-4 at 32. Wells contends that that provision also supports a reasonable understanding that the policy covered independent contractors. If the exclusionary endorsements preclude coverage for independent contractors, the exclusionary endorsements appear to render the special condition endorsement meaningless. AIIC does not explain why the policy includes the special condition for independent contractors, along with the exclusionary endorsements. Additional explanation is necessary to understand the meaning of the various policy provisions.

9

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is denied.

SO ORDERED.

				Joseph A. DiClerico, Jr.
				United States District Judge

January 10, 2018

cc:   Melissa Brill, Esq.
      Laura Dowgin, Esq.
      J. Bruce Maffeo, Esq.
      Peter J. Nicosai, Esq.