UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Noah Wells d/b/a
Centerpoint Chimney

     v.                          Civil No. 17-cv-669-JD
                                        Opinion No. 2018 DNH 027
Acceptance Indemnity
Insurance Company


O R D E R

Acceptance Indemnity Insurance Company moves for
reconsideration of the court's order denying its motion to
dismiss.  In support, AIIC argues that the court erroneously
failed to dismiss Noah Wells's claims based on two policy
exclusions.  Wells objects.[1]


Standard of Review

Reconsideration of a prior order is appropriate only "'if
the moving party presents newly discovered evidence, if there
has been an intervening change in the law, or if the movant can
demonstrate that the original decision was based on a manifest
error of law or was clearly unjust.'"  United States v. Zimny,

---

[1] AIIC moved for leave to file a reply.  Under Local Rule
7.1(e)(1), AIIC was required to file its reply within seven days
of service of the objection.  The court has reviewed the
proposed reply, which does not change the outcome, and denies
the motion for leave to file a reply.

846 F.3d 458, 467 (1st Cir. 2017) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). For that reason, "[a] motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed [before the court issued its order]." Biltcliffe v. CitiMorgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). It is also not "a mechanism to regurgitate old arguments previously considered and rejected." Id. (internal quotation marks omitted).

## Discussion

In his complaint, Wells seeks a declaration that AIIC, the company that provided indemnity insurance for his business, owes him a defense and indemnification in an underlying suit brought by an agent of a subcontractor, and brings a claim that AIIC breached the policy by denying coverage. AIIC moved to dismiss the claims based on two exclusions in the policy that purport to exclude coverage for injury to independent contractors. Wells objected, arguing that the policy is at least ambiguous, based on the declarations page and an endorsement that imposed a special condition for coverage of independent contractors.

As explained previously, "[t]he language of a contract is ambiguous if the parties to the contract could reasonably disagree as to the meaning of that language." Found. for

Seacoast Health v. Hosp. Corp. of Am., 165 N.H. 168, 172 (2013)
(internal quotation marks omitted).  To determine whether an
ambiguity exists, the "court should examine the contract as a
whole, the circumstances surrounding execution and the object
intended by the agreement, while keeping in mind the goal of
giving effect to the intentions of the party."  Id.  The process
of determining whether an ambiguity exists "necessarily involves
factual findings."  Sunapee Difference, LLC v. State, 164 N.H.
778, 790 (2013).

        The court found that the cited provisions appeared to be at
odds with each other and that additional explanation was needed
to understand the operation of the policy as a whole.  Because
of the limited context of a motion to dismiss, there was
insufficient information to determine what the policy covered or
whether it was ambiguous.  AIIC contends that conclusion was
erroneous because interpretation of the policy is a legal
question and attempts to provide the additional explanation that
was lacking in the motion to dismiss.

        In support, counsel for AIIC represents that the
"Declarations" part of the policy merely provides "rating
information" and cites a District of Rhode Island case to show
that "rating information" may be limited by exclusions in the

policy.  Counsel then continues on to explain that the Declarations do not grant coverage.  Counsel also addresses the purpose of the Independent Contractors Special Condition and represents that it "compliments, rather than conflicts with, the exclusionary provisions."

As such, counsel for AIIC raises factual issues about the meaning of the policy and the intent of the parties.  Counsel for AIIC attempts to augment the motion to dismiss by providing explanation and information that was missing in the motion to dismiss.  It is far from clear that counsel is qualified to provide opinions on the structure and operation of an insurance policy or on the intent of the parties.  In any event, such information is not appropriate for purposes of a motion to dismiss or a motion for reconsideration of the denial of a motion to dismiss.[2]  Instead, these matters may be presented in an appropriate format to be considered in the context of a motion for summary judgment.

---

[2] It is therefore not necessary or appropriate to hold a hearing to allow counsel to provide these opinions and theories through oral argument, as AIIC has requested.  See LR 7.1(d).

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for reconsideration (document no. 20) and motion for leave to file a reply (document no. 22) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

February 8, 2018

cc:  Melissa Brill, Esq.
     Laura Dowgin, Esq.
     J. Bruce Maffeo, Esq.
     Peter J. Nicosia, Esq.